of today and of the week, Myles v. United States of America. May it please the Court, Attorney David Zami for Appellant Kui Z. Myles, As to the improper dismissal of Appellant's malicious prosecution claim, the government has conceded in its answering brief that Appellant's claim, as alleged, that the ICE investigators fabricated evidence, which they then presented to the Orange County District Attorney's Office, as true, is fully cognizable under the FTCA and does not fall within the discretionary function exception. Instead, the government raised a new argument that her allegations failed the Iqbal test for failing to state a plausible claim. The first problem with the argument is that it is not the ground on which the district court ruled and was never raised as an argument by the government. The second problem is that it's false. It's uncontroverted that Appellant was subject to harassment for financial or... Could you show me where, excuse me a minute, where did the government concede what you say it conceded? The government, excuse me, Your Honor. The government does not argue in its answering brief that there is malicious prosecution, that the malicious prosecution was, should have been dismissed. Where? You're saying it doesn't argue it or you're saying it conceded it? It doesn't argue it. But, I'm sorry, Your Honor, it doesn't argue it. It impliedly conceded it. I don't mean that, I did not mean that the government explicitly conceded it. All right, go ahead. Instead, the government launched straight into an Iqbal argument in its answering brief, which had not been raised before. And just as to the Iqbal argument, this court is aware of how rare it is for the EOC to take a case and how obvious those merits must have been. And it is certainly plausible, as required under Iqbal, that the remedy of reinstatement did not sit well with the career employees that she had to work with at ICE. And that, as she alleges, the harassment continued. In fact, in 2013, she reported misconduct against her supervisor that resulted in disciplinary action against him, as alleged in the complaint. Our justice system recognizes that retaliation is a natural human reaction to the extent that it's grounds for suing an employer. Thus, although extreme, and this complaint certainly is extreme, the behavior alleged in the complaint is shocking, it is still plausible that some of those ICE employees were looking for ways in which to get her fired again and found an opportunity to fabricate evidence against her. And the facts of the case bolster that possibility. It is not usual, with the uncontroverted facts, I mean, it's not usual that lying for hours worked would lead to criminal prosecution rather than in-house demotion, penalties, and termination. It's not usual that in a case that would be so egregious that required criminal prosecution, the U.S. Attorney's Office would decline the case. And it's not usual for federal investigators to then push a local county prosecutor to pursue the case. I think it's unprecedented, but it's certainly not usual. And it's not usual, as happened here, for the case to just be dropped after three years, soon after a new prosecutor is brought on to pursue the case. Appellant will have to prove her case at trial. I don't know any more than this court does what the evidence is, if it's supported, but she certainly gets past the plausible and specific allegations required under ICFAL. Moreover, if the allegations do not meet ICFAL, the district court should merely have indicated such and granted it leave to amend. So, as a result, this court should either direct the district court to deny the motion to dismiss, that's the malicious prosecution, or to grant leave to amend for more specific allegations. Now, as to malicious prosecution, is there a remaining, is there any dispute about the timeliness of the claim? There is not, Your Honor. Okay. That was not a ground. Right, but there is as to the other causes of action. There is, Your Honor. And that's our second argument today. Thank you. The district court did, we have two arguments. As Your Honor mentioned in one of the earlier cases, one is for tolling and one is for accrual. And this appears to be a case of first impression in this circuit, but by its very nature, the tort injuries that stem from malicious prosecution don't actually accrue until the exoneration. Well, you just told me that there was no dispute about that, so we're not worried about that. That's correct, but the tort injuries that result therefrom. I'm sorry, I don't understand what you're saying. The state law FTCA claims and the Bivens claims were the argument that the causes of action accrued once she was arrested. So, which causes of action are you talking about now? This is the second through fifth, the seventh. All right, well, what are they? The use of process, negligence, intentional inflation, emotional distress, and the constitutional claims. Is that what we're talking about? Yes, Your Honor. Okay, you could have said that. Go ahead. I apologize, Your Honor. Thank you. So, the first argument is that they were told until she was exonerated. Any alternative would lead to the absurd result that plaintiffs would have to file suit for these torts long before they even find out if they are able to bring them when they are exonerated. As the government points out, they would not be able to bring these torts if they were not so exonerated. Moreover, as to accrual, as a number of other courts have ruled out of circuit, and at least one Northern District California case cited to those, that in the case of a prosecution, the courts are continuing. And so, the accrual is continuing. My understanding, at least I think, is that the government is not defending the, is defending this as being unexhausted, at least the state cause of action, not on time. Oh, I guess they are arguing time bar. All right, go ahead. I'm sorry. Let me explain that. Thank you, Your Honor, for bringing that up. This is actually a little bit confusing. What happened was that in the first amended, sorry, the original complaint, Appellant raised, as causes of action, pre-exoneration claims. That is, claims that stem from her original arrest and the continuing prosecution. The district court, following the motion to dismiss in opposition, the district court then granted the motion to dismiss with leave to amend. The trial attorney decided that her amendment would be to raise new claims that really are not right yet. They didn't go through the administrative process, and they had not been exhausted. So it is only on appeal now, from the motion to dismiss, that we would ask that she be granted leave to amend back to the original claims. In fact, we have an on-bank opinion that says that when a claim is dismissed, a complaint is dismissed, and you then file an amended complaint and leave out the causes of action that were dismissed, you are not to be faulted for that because you were told to leave them out. So they remain in the case, and they remain appealable, and I think you're fine. Thank you, Your Honor. Yes. So that's what we're arguing here. Nobody cited this case for some reason, but anyway, go ahead. I think, I mean, our understanding is it's a more common sense argument, but that's great that there's a case that I didn't see. But no, so yes, Your Honor, so we are not arguing on appeal that the post-2017 claims were improperly dismissed. Those were properly dismissed. What you're arguing is that the earlier ones were not late. Were not untimely, and that the court should not have dismissed them in the initial motion to dismiss in March. Why were they not untimely, counsel? So they're not untimely, and there are two reasons. One is that they should have been told because they, she was not aware of her injury until she was exonerated. And again, the alternative would be that all plaintiffs have to immediately, as soon as they're charged, they have to immediately bring a malicious prosecution. It's not malicious prosecution. We're not worrying about malicious prosecution. We're worrying about the other ones. Thank you, Your Honor. I apologize. Yes. Well, that's relevant. It's your point that the time was told because she didn't know it was the federal agents who were fomenting the phony prosecution? She didn't know that it was intentional until the bizarre way that the OCDA dropped the case under the facts here. She didn't know that it was an intentional fomentation of a phony case or that it was the federal agents who were doing the fomenting? She didn't know that it was an intentional fabrication. That's all. As opposed to negligence. But that wasn't your only argument. I thought you also said that she, you also make a continuing violation argument. Correct, Your Honor. One that has been cited in the circuit of the district court. While the trial was going on. Essentially, while the trial was going on and while the publicity was going on, she was still being damaged in the same way. Correct. And they were still cooperating with the DA. They were still feeding false information under the allegations of complaint. They were still feeding false information to the DA up until the very end when the final Orange County District Attorney, D.D. Nichols, was still speaking with them and they were still trying to support their case against her. So, yes, both on the injury side and on the actions of the defendants, both were continuing through the prosecution. And that's been found to be a continuing accrual both for civil litigation and criminal prosecution in other courts. This circuit hasn't ruled a case on that and this would be the opportunity to do that. If there are no further questions, I'll reserve my time. Thank you. Ms. Burrell. Good morning. Hillary Burrell on behalf of the federal defendants. Your Honors, the district court's dismissal of Ms. Miles' second amended complaint should be affirmed for two reasons. First, because Ms. Miles' tort claims of negligence, abusive process, intentional infliction of emotional distress for Bivens' claims and her civil rights claims were untimely as they accrued three to four years before she brought an administrative complaint and four to five years before she filed her district court claim. And so you think she should have brought these causes of action when the lawsuit was instituted or when exactly? Well, Your Honor... As of. When did they accrue, I guess is my question, not when she should have brought them. Just to clarify for the court, we are not arguing that the malicious prosecution claim was untimely filed. We agree that the malicious prosecution claim accrued at the dismissal of that prosecution. However, the other tort claims that she filed  it's unclear whether or not she's seeking to renew her claims of false imprisonment and false arrest. If that is the case, then those claims... My understanding is not, so let's assume not. So go ahead. Yes, Your Honor. Well, looking at her most operative complaint as well as her initial complaint, she makes clear that the primary events that caused her emotional distress claim, her negligence claim, as well as her abusive process claim occurred in three separate events and she doesn't really specify which event led to which tort. She doesn't list each of them. There was the investigation in August of 2013, the arrest in December of 2014, the initiation of the prosecution in 2014, and her suspension from work in 2015. And what about having to go through the... In the meanwhile, she had... There was still, after that, as I understand it, publicity and having to deal with the charges and so on and so on. And her final argument is that until it was dismissed in a fairly unusual fashion, she didn't really have the elements of a cause of action because she couldn't prove intention. Well, Your Honor, this type of case was explicitly reviewed. The equitable tolling claim that plaintiff's counsel has made was reviewed by the Supreme Court and Wallace v. Cato. And in fact, in that case, the Supreme Court found that an individual could not wait until their case had been dismissed or until a conviction had been reached to start their other tort claims related to the filing of that complaint. Your Honor, the facts here are analogous to Wallace v. Cato. And in that case, the court found that, especially related to things like abusive process, intentional infliction of emotional distress, or false arrest, that he had sufficient knowledge to understand that he was harmed and that his claims accrued at the time of the initial harm, that it didn't create... Could you give me that case again, Ms. Burrell? Of course, Your Honor. It's Wallace v. Cato, and that's W-A-L-L-A-C-E-V-K-A-T-O. And the citation is 549 U.S. 384. And, Your Honor, going to the continuing violation allegation or theory that has been forwarded by plaintiff's counsel, Your Honor, this court specifically looked at what warrants a continuing violation doctrine in the case of Flowers v. Carville, that's C-A-R-V-I-L-L-E. The case that you just mentioned is not cited in your brief, as far as I can tell. Your Honor, it was extensively referred to in the lower court, in the filings where we discussed both the sufficiency of the malicious prosecution claims... But it's not in your brief. Your Honor, it is not specifically cited in the brief, the answering brief. That's correct. Even though you're now saying it's just positive. Your Honor, we're saying that it's analogous. Okay. Go ahead. Related to plaintiff's... Ms. Burrell, if I could just ask one question. In terms of the matter of the equitable tolling doctrine and the, there are varying statutes of limitations with respect to these causes of action, correct? That's correct. For example, there is the Section 1986 has a one-year statute of limitation, et cetera. I guess I'm curious as to this. Why? Did the district court have a sufficient amount of time to actually consider equitable tolling in the first instance as to these various causes of action and the different periods involved? I apologize. I said, did the district court have sufficient time or give sufficient consideration to considering equitable tolling as to the various causes of action? Well, Your Honor, I can't opine as to the district court judge's thought processes. However, the concept of equitable tolling was mentioned in the briefs, the opposing briefs to our motions to dismiss. And my understanding is that the court provided thorough analysis of all of the briefs, both in the initial motion to dismiss as well as in the motion to dismiss plaintiff's second amended complaint. And although the court did not address all of the bases that were cited for the motion to dismiss or all of the opposition arguments, it's our understanding that the court did sufficiently review the timing of the allegations, the timing of the accrual for the allegations and found that they had not been timely filed. Thank you. So on the malicious prosecution claim, which seems to be the central one here, you are arguing, although you're not arguing that it's time-barred, you are arguing that it wasn't sufficiently pled. Could you tell me why? Yes, Your Honor. Well, the claim was not sufficiently pled for a couple of reasons. First, because the plaintiff, and this is sort of part of the discretionary function exception argument, as Mr. Zarmi suggested, that there is some sort of fabrication of evidence. Your Honor, plaintiff has not properly or sufficiently pled sufficient facts to make that fabrication claim possible. You're not, therefore, exactly supporting the district court's holding. You're not arguing, as I understand it, that simply because this was a prosecution, which is discretionary, you seem to be assuming that if it were in fact prosecuted by the falsification of evidence and so on, that that would be either nondiscretionary or at least under the second prong of the discretionary function exception, not within it. Are you agreeing to that much, and you're simply saying he didn't plead it right, or what? Your Honor, we are recognizing that there may be cases in which the actions of the investigatory officers exceed the constitutional bounds. They constitute constitutional violations. And cases in which constitutional violations are properly and timely pled, we agree that those specific cases do fall outside the discretionary function exception. However, this is not one of those cases, not only for the time issue reasons that we discussed before, but also because plaintiff failed to... No, but you said that the time issues don't apply to malicious prosecution, so I'm talking about malicious prosecution now. Yes, Your Honor. We are not talking about the time issue here. We are simply referring to the Bivens constitutional claims as those are untimely. However, we agree as to the timeliness of the malicious prosecution. Specifically, additionally, plaintiff failed to... But I want to know about the discretionary function problem that you see for some reason with the malicious prosecution. Your Honor, just to clarify, are you talking about the pleading issue as to the malicious prosecution, or are you talking about... Let me try again. My understanding from what you're saying now is that although the district court seems to have held that this was in the discretionary function exception because it had to do with instigating a prosecution, you don't seem to be defending that broad proposition. Is that right? That's correct, Your Honor. All right. Instead, you seem to be agreeing that if there was in fact a falsification of evidence or fraudulent submissions or whatever, that that would be outside of the discretionary function, and you're simply essentially making an Iqbal argument. Is that right? Your Honor, we are relying on Iqbal as well as Twombly in terms of... Did you do that in the district court? We did, Your Honor, and I disagree with Plaintiff's Counsel's assertion that this is a brand new argument. The initial motion to dismiss solely the claims against the United States, the motion to dismiss order that was granted thereafter, the arguments are nearly exclusively Iqbal and Twombly based, based on the plausibility of the pleadings as well as the sufficiency of the malicious prosecution arguments. Your Honor, we are simply forwarding that argument here as well, explaining why that specific... All right, so the argument is that various people fabricated information. What's insufficient about these documents? Which provisions are you saying are insufficient of the complaint? Go to the complaint. Let's go to the first amendment. If I can follow Judge Berzin's question on that, because I was about to ask as you follow through, in terms of allegations of malice or lack of probable cause clearly take the claims outside of the discretionary function exception, correct? That's correct, Your Honor. And so under Twombly and Iqbal, in terms of an alleged failure, from your view, from what I can tell, there's an allegation of perjury, of fabricated evidence, of tampering with witnesses, of doctored documents, and essentially prosecuting her without probable cause. Now, where is the insufficiency as to the claim of perjury, fabricated evidence, tampered with witnesses, doctored documents? That's fairly specific, is it not? Well, Your Honor, I would argue that the only factual specifics that Ms. Miles got into in her complaints were those factual specifics of documents that were created after she was allegedly exonerated. And that's sort of the second prong of the aspect that was not properly pled, is that Ms. Miles never identified the legal basis for the dismissal. Multiple agency employees testified against plaintiff committed perjury by lying under oath about the charge against the plaintiff and did not have probable cause and didn't reasonably believe that she was guilty of the charge. So what else is she supposed to say? Well, Your Honor, specifically that she doesn't provide any specifics for those facts. She says things were fabricated, but she provides no specifics as to those conclusory allegations. Similarly, she conclusively says that she was exonerated, but despite specific instruction from the district court to satisfy her need for the dismissal in her favor on the merits of the case, she was unable to identify the legal basis for the dismissal. And though the court, in its decision on the second motion to dismiss, did not specifically address that argument, did not identify the deficiencies in her complaint as to that particular aspect, this court can affirm that decision on any basis. And if this court is not convinced by the discretionary function exception basis utilized by the district court, we believe that her inability to identify the legal basis for the dismissal is further sufficient for the dismissal at this level. She alleged that shortly before the dismissal, her attorney approached the Orange County district attorney and convinced him that the charges brought against her were false and were based on fabricated evidence. Why isn't that sufficient under Rick Bell's homily? Well, Your Honor, the personal belief of the district attorney or personal feelings of the district attorney are not sufficient for the plaintiff to demonstrate that the case was dismissed by the court in her favor on the merits. Specifically, Your Honor, if she, for example, had a... The merits were never reached, Ms. Burrell, because the merits were completely fabricated, as the Orange County DA found. Your Honor, there's no evidence that the Orange County DA found that, although she's alleging that the DA was, quote, disgusted. If she alleges that that's the reason he dismissed it, isn't that a matter of proof for trial? No, Your Honor, because at this point she would either have a document from the district attorney, a statement of factual innocence, which there's no evidence of this case. She would be able to provide information from her defense attorney or even just the specific statute under which her claim was dismissed, and she's failed to provide any of that evidence, and that lack of evidence is suggestive that she's unable to meet her prima facie burden for the malicious prosecution claim. So the best that you can expect is for us to remand, to allow the district court judge to exercise his discretion and allow an amendment so that she can allege further specific facts, correct? Well, Your Honor, I think that in this case, the dismissal without leave to amend, which is reviewed for appeasement... But this wasn't the reason for the dismissal. The district court did not... As I understand it, not on Iqbal Twombly grounds, but instead on a ground that you appear to be conceding was incorrect, or at least assuming was incorrect. That is, that simply because this was a prosecution which is within the discretionary exemption, therefore, anything having to do with it is within the discretionary exemption also. Is that not what was decided? Well, Your Honor, in the court's first order on the first motion to dismiss, it did find that the malicious prosecution claim was not properly pled, that it wasn't supported, that it was a determination in her favor. And in the second order, the court did not address the argument. I'm sorry. I thought it wasn't properly pled because it found the discretionary exception doesn't apply. Your Honor, just to clarify, the discretionary function exception was not addressed in the first motion to dismiss. The first motion to dismiss was that Ms. Miles failed to properly plead her malicious prosecution claim. And the second one? And the second one asserted both that claim as well as a secondary discretionary function exception argument as to the few factual allegations that were properly pled. But the district court said it lacks subject matter jurisdiction because the exception applies. That's correct, Your Honor. So it was on the ground that the exception applies, not that the allegations were insufficient. That's correct, Your Honor. It was not addressed in the second order. Okay. And I see that my time is over up. So are there other questions, Your Honor? There are not. Thank you very much. All right. Thank you very much. Mr. Zarmi. Yes, Your Honor. Just quickly, regarding the Bivens claims and the pulling and accrual, if this court finds that the cases that were just cited, the Wallace and Flowers cases, are dispositive against appellant, appellant requests the opportunity to further brief and respond to those. But then moving to the, as Your Honor pointed out, the malicious prosecution, which is the main issue here, the government just stated that it argued Iqbal in its initial motion to dismiss and that the district court ruled on Iqbal in its initial motion to dismiss order, dismissal order. Appellant was given opportunity to amend. She amended the complaint and took care of any Iqbal issues which were then not raised again by the government or the district court. So the district court finding, you know, it certainly impliedly, impliedly found that there are no Iqbal issues remaining and that everything was sufficiently fled just on the discretionary function exception issue and as we argued that was an incorrect finding of law on that issue. There are no further questions of appellant subpoenas to this court. Thank you very much. Thank you both of you for your arguments. The case of Miles v. United States of America is submitted and we are adjourned. Thank you. All rise.
judges: BERZON, BEA, Bennett